J-S25028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| IVAN SOTOLONGO JR | |
| Appellant | No. 2292 EDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010422-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                  **FILED JULY 18, 2017**

Appellant, Ivan Sotolongo Jr., appeals from the judgment of sentence of two to four years of incarceration followed by three years of probation, imposed June 20, 2016, following a bench trial resulting in his conviction for possession with intent to deliver, conspiracy, and simple possession.[1]  We affirm.

We base the following statement of facts on the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 10/5/16, at 1-2.  In April 2015, the Narcotics Strike Force of the Philadelphia Police Department set up surveillance in the 300 block of East Somerset Street in Philadelphia to observe open air drug trafficking.  Appellant was

---

[1] **See** 35 P.S. §§ 780-113(a)(30), 18 Pa.C.S. § 903, and 35 P.S. § 780-113(a)(16).

employed as a lookout for five to six drug dealers on the street, alerting them to police presence, and was arrested during the sting. Following a bench trial, the trial court found Appellant guilty of the above charges.

Appellant timely appealed. However, Appellant did not timely respond to the court's order directing that he file a statement of matters complained of on appeal. In its memorandum opinion filed pursuant to Pa.R.A.P. 1925(a), the court stated:

> On July 20, 2016, Defendant filed a timely notice of appeal, and the trial court, on July 21, 2016, ordered Defendant to file a Pa.R.A.P. 1925(b) statement. In violation of Pa.R.A.P. 1925(b)'s requirement that an appellant file his statement within twenty-one days after entry of the trial court's directive order, Defendant-Appellant waited until August 17, 2016, to file what was then an untimely statement; thus Defendant's 1925(b) statement is six days overdue.

TCO at 9. Thus, based upon Appellant's failure to timely file a Rule 1925(b) statement, the trial court concluded that Appellant had waived all issues. *Id.* at 10-11 (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.")).

Where a trial court orders an Appellant to file a Pa.R.A.P. 1925(b) statement, the Appellant must comply in a timely manner. ***Commonwealth v. Castillo,*** 888 A.2d 775, 780 (Pa. 2005). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. ***Id.***; ***see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.,*** 88 A.3d 222, 225 (Pa. Super. 2014). The record reflects that the trial

- 2 -

court issued an order requiring Appellant to submit a Rule 1925(b) statement and that Appellant failed to file such a statement within twenty-one days of the date of that order. Due to Appellant's failure to timely submit a Rule 1925(b) statement, we conclude that any issues he wished to raise have been waived.

In his untimely filed Pa.R.A.P. 1925(b) statement, Appellant purports to challenge the sufficiency of the evidence. **See** Appellant's Brief at 3. However, the trial court also found that he had failed to preserve his sufficiency claims on appeal, as his Pa.R.A.P. 1925(b) statement did not specify the element or elements upon which the evidence was insufficient. **See** TCO at 10 (citing in support **Commonwealth v. Ray**, 134 A.3d 1109, 1110, 1114 (Pa. Super. 2016)).

Issues not included in a Pa.R.A.P. 1925(b) statement are waived for purposes of appeal. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). Further,

> [w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

**Commonwealth v. Dowling**, 778 A.2d 683, 686–87 (Pa. Super. 2001) (internal citations and quotations omitted). This specificity is of particular importance in cases where the defendant was convicted of multiple crimes

containing multiple elements, as the Pa.R.A.P. 1925(b) statement must allow the trial court the opportunity to meaningfully address an appellant's claims. *See Ray*, 134 A.3d at 1114. A review of the record supports the contention that Appellant's Pa.R.A.P. 1925(b) statement was deficient due to vagueness, and accordingly, Appellant has waived his sufficiency claims on appeal. *See* Appellant's Pa.R.A.P. 1925(b) Statement, 8/17/16, at 1.

Judgment of sentence affirmed.

Judge Bender files a concurring statement.

Judge Ford Elliott concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2017